UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

CELINÉS QUILES-MARCUCCI, et al.,

Plaintiffs,

v.

COOPERATIVA DE AHORRO Y CRÉDITO DE JUANA DÍAZ, INC.,

Defendant.

Civil No. 08-1913 (JAF)

**O R D E R**

On June 30, 2009, we issued an Opinion and Order granting partial summary judgment to Defendant Cooperativa de Ahorro y Crédito de Juana Díaz. (Docket No. 38.) We ordered Plaintiffs Celinés Quiles-Marcucci ("Quiles"), Oscar Guillermo Rosselló-Rodríguez, and the conjugal partnership between them to show cause why we should not also grant summary judgment for Defendant on their disparate impact claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34. (Id.) On July 17, 2009, Plaintiffs submitted a motion in compliance with our order. (Docket No. 43.) On July 27, 2009, Defendant moved for summary judgment on the remaining ADEA claim. (Docket No. 46.) We find that both motions are moot as we partly reconsider our prior order to correct an oversight.

Under Rule 60(a), "[t]he court may correct a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. P. 60(a). Relief is proper if "'the intentions of the

Civil No. 08-1913 (JAF)                                                        -2-

parties are clearly defined . . . [and no] cerebration or research into the law . . . is required.'" <u>Bowen Inv., Inc. v. Carneiro Donuts, Inc.</u>, 490 F.3d 27, 29 (1st Cir. 2007) (quoting <u>United States v. Kellogg</u>, 12 F.3d 497, 504-05 (5th Cir. 1994)).

Our prior order misconstrued Plaintiffs' complaint to have pleaded a claim for disparate impact. (<u>See</u> Docket No. 38.) Claims for "disparate impact . . . involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Proof of discriminatory motive . . . is not required under a disparate-impact theory." <u>Hazen Paper Co. v. Biggins</u>, 507 U.S. 604, 609 (1993) (quoting <u>Int'l Bhd. of Teamsters v. United States</u>, 431 U.S. 324, 335 n.15 (1977)). To establish disparate impact under the ADEA, a plaintiff must "'isolat[e] and identif[y] the specific employment practices that are allegedly responsible for any observed statistical disparities.'" <u>Meacham v. Knolls Atomic Power Lab.</u>, __ U.S. __, 128 S. Ct. 2395, 2405 (2008) (quoting <u>Smith v. City of Jackson</u>, 544 U.S. 228, 241 (2005)). To prove the existence of disparities, a plaintiff must adduce statistical evidence comparing the defendant's workforce with the general "population in the relevant labor market." <u>Wards Cove Packing Co. v. Atonio</u>, 490 U.S. 642, 650 (1989); <u>see</u> <u>Meacham</u>, 128 S. Ct. at 2405-06 (holding

Civil No. 08-1913 (JAF)                                              -3-

that elements for prima-facie case in <u>Wards Cove</u> apply to disparate impact claims under ADEA).

In their complaint, Plaintiffs allege that Defendant "discriminated against all the employees who were over the protected age, replacing them with young employees." (Docket No. 1.) This brief averment relates to a claim for disparate treatment under the ADEA, <u>see</u> <u>Arroyo-Audifred v. Verizon Wireless, Inc.</u>, 527 F.3d 215, 218-19 (1st Cir. 2008), and not to a claim for a "facially neutral" policy that in effect favors younger employees, <u>see</u> <u>Hazen Paper</u>, 507 U.S. at 609. Therefore, Plaintiffs never intended to plead a claim for disparate impact under the ADEA in their complaint.

As Plaintiffs' intention is plain from the face of their complaint, we reform our prior judgment under Rule 60(a) to reflect the claims they meant to present. <u>See</u> <u>Bowen Inv., Inc.</u>, 490 F.3d at 29. Accordingly, we strike the discussion on disparate impact under the ADEA from our prior Opinion and Order (Docket No. 38, part III-C-4). This correction renders moot the parties' latest motions (Docket Nos. 43, 46). As no federal claims remain at issue, we decline to exercise supplemental jurisdiction over Plaintiffs' associated claims under Puerto Rico law. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>Rivera v. Murphy</u>, 979 F.2d 259, 264 (1st Cir. 1992).

In view of the foregoing, we hereby **AMEND** our Opinion and Order dated June 30, 2009, to strike part III-C-4 and to **DISMISS** all

Civil No. 08-1913 (JAF)                                                      -4-

federal claims **WITH PREJUDICE** (Docket No. 38). We **DENY as MOOT** Plaintiffs' motion in compliance (Docket No. 43) and Defendant's motion for summary judgment (Docket No. 46). We **DISMISS** Plaintiffs' claims under Puerto Rico law **WITHOUT PREJUDICE** (Docket No. 1).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of August, 2009.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge