UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CELINÉS QUILES-MARCUCCI, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COOPERATIVA DE AHORRO Y CRÉDITO<br>DE JUANA DÍAZ, INC.,<br><br>    Defendant. | Civil No. 08-1913 (JAF) |

**O R D E R**

Plaintiffs, Celinés Quiles-Marcucci, Oscar Guillermo Roselló-Rodríguez, and the conjugal partnership between them, move for reconsideration of our Opinion and Order dated June 30, 2009 (Docket No. 38), which granted summary judgment to Defendant, Cooperativa de Ahorro y Crédito de Juana Díaz. (Docket No. 41.) Plaintiffs filed the instant motion on July 15, 2009 (id.), and Defendant opposed on July 27, 2009 (Docket No. 45).

Pursuant to Federal Rule of Civil Procedure 59(e), we entertain motions for reconsideration to (1) correct manifest errors of law or fact, (2) consider newly discovered evidence, (3) incorporate an intervening change in the law, or (4) otherwise prevent manifest injustice. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.

Civil No. 08-1913 (JAF)                                              -2-

1995)). A Rule 59(e) motion "must be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Plaintiffs challenge our holding with respect to their claims for retaliatory discharge under the Americans with Disability Act and the Age Discrimination in Employment Act. (Docket No. 41.) They claim to have uncovered new evidence which shows that Defendant's excuse for termination was pretextual. (See Docket Nos. 42, 48.) The new evidence consists of a letter dated June 1, 2009, which Defendant addressed to Natasha Torres-Lugo, an employee of Defendant who is younger than Quiles-Marcucci. (Id.) Defendant notified Torres-Lugo that her one-year leave period had expired on May 28, 2009. (Id.) Defendant threatened to terminate Torres-Lugo for her continued absence, but granted an additional ten days' grace period to return that was not subject to extension. (Id.)

We are unswayed by this new evidence. "[P]retext can be demonstrated through a showing that an employer has deviated inexplicably from one of its standard business practices." Kouvchinov v. Parametric Tech. Corp., 537 F.3d 62, 68 (1st Cir. 2008). At best, the letter shows only a minor deviation from Defendant's treatment of Quiles-Marcucci, which was to terminate her one month after the expiration of her one-year leave period. (Docket No. 38, part III.B.3.) At worst, the letter confirms Defendant's consistent practice of terminating employees after their statutory

Civil No. 08-1913 (JAF)                                                              -3-

leave period, which undercuts Plaintiffs' theory for retaliatory discharge. (See Docket Nos. 1, 22, 41.) As Defendant did not deviate markedly from its normal practice, there is no basis to reject Defendant's proffered excuse as pretextual. See Kouvchinov, 537 F.3d at 68. Plaintiffs otherwise rehash arguments that we explicitly treated in our Opinion and Order. (See Docket Nos. 22, 38, 41.) We, therefore, find no reason to reconsider our judgment under Rule 59(e). See Marie, 402 F.3d at 7 n.2.

As an aside, we wish to clarify that our prior order did not address any claims for discriminatory discharge on the basis of age (Docket No. 38, part III.C.1), because Plaintiffs' complaint did not allege such a cause of action. (See Docket No. 1.) Furthermore, Plaintiffs could not establish such a claim as we had found that Quiles-Marcucci was incapable of working at the time of her termination (Docket No. 38, part III.B.1). See Arroyo-Audifred v. Verizon Wireless, Inc., 527 F.3d 215, 218-19 (1st Cir. 2008) (holding that plaintiff must prove that she "was qualified for her position").

For the reasons stated herein, we hereby **DENY** Plaintiffs' motion for reconsideration (Docket No. 41).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 31st day of August, 2009.

                                      S/José Antonio Fusté
                                      JOSE ANTONIO FUSTE
                                      Chief U.S. District Judge